[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
This is a mortgage foreclosure action in which plaintiff has moved to strike defendants' special defenses and counterclaims. The defendants refer to the special defenses as first count, etc., whereas, they should be labelled as first special defense, etc. and then should be pleaded again as a counterclaim in three counts. However, defendants' intent seems clear, so the court will treat them as three special defenses and as a counterclaim in three counts.
The court also notes that defendants have filed nothing in opposition to the motion to strike.
First Count/Special Defense:
The first two allegations allege a breach of contract by the plaintiff failing to credit all payments made by the defendants and after request to do so failing to rectify the situation. This has nothing to do with the execution of the note and deed. Although payment, or even set-off under certain circumstances, are permitted as defenses, there is no claim that if the allegedly non-credited payments had been credited, they would have paid or set-off theentire balance due or would have made the note not in default. They do not attack the validity of the cause of action, only the amount due. The amount due can be contested at time of the judgment on short calendar.
In a foreclosure action defenses are generally limited to payment, discharge, release, satisfaction or invalidity. The Bankof Darien v. Wake Robbin Inn, Inc. et al, 13 Conn. L.Rptr. No. 11,345, Walsh, R., J. (1995) However, a foreclosure action is an equitable proceeding and many courts, therefore, have recognized allegations of mistake, accident, fraud, equitable estoppel, violation of CUTPA, etc., as a valid defense to a foreclosure action. However, these defenses are limited to only those which attack the making, enforcement or validity of a note or mortgage.Bank of Darien, supra. Sometimes, the same defenses that are allowed against a breach of contract claim such as set-off are allowed in a foreclosure when the holder of the note on which the CT Page 5387 foreclosure is based is not a holder in due course. Under General Statutes § 42a-3-302, the original payee may be considered a holder in due course. See U.C.C. comments to said section. The plaintiff here is a holder in due course, and there is no claim that it is not. The first two paragraphs do not attack the note itself, its making, enforcement or validity, and even if set-off were allowed, these allegations do not constitute a set-off.
Paragraphs three and four allege an agreement subsequent to the execution of the note and deed and a breach of said agreement. This subsequent agreement is not part of the note or deed and is, therefore, not a valid defense. Further, there is no obligation for the plaintiff to make such an agreement and, therefore, no consideration to the plaintiff for same. Also, it is not in writing and, therefore, unenforceable under the statute of frauds, General Statutes § 52-550. The motion to strike first count/special defense is granted, said first count/special defense not stating a valid defense or cause of action.
Second Count/Special Defense:
This count/special defense alleges fraud/misrepresentation, but does not specifically allege the four requirements for a claim of fraud under Miller v. Appleby, 183 Conn. 51, 54-55 (1981). Further, for the reasons stated in this decision concerning the first count/special defense, the allegations do not attack the making, enforcement or validity of the note or mortgage. Therefore, defendants have failed to allege a valid defense. The motion to strike the second count/special defense is granted since same has not stated a valid defense or course of action.
Third Count/Special Defense:
This count/special defense makes essentially the same allegations as those in the first count/special defense and claim that these allegations constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA). These allegations do not attack the making, enforcement or validity of the note or mortgage; and in any event do not state a valid claim for violation of CUTPA. Negligence does not constitute an unethical, immoral, oppressive or unscrupulous act. Further, there is no allegation that the conduct of the plaintiff caused an unjustified injury that is substantial.Williams Ford Inc. v. Hartford Courant Co., 232 Conn. 559, 592,593 (April 1995). The allegations do not satisfy the second and third requirements of the cigarette rule that determines whether CT Page 5388 CUTPA has been violated. Williams at page 591. For these reasons, the third count/special defense does not constitute a valid defense or cause of action for violation of CUTPA. The motion to strike the third count/special defense is granted.
As for the counterclaim, it is the same as the special defenses. For the reasons stated above, the counterclaim as well as the special defenses do not state a cause of action. Accordingly, the motion to strike the counterclaim is granted. There being no counterclaim, the motion to strike the prayer for relief which is based upon the counterclaim is granted.
Rittenband, J.